UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:19-cv-3169-T-23TGW

PRISCILLA A. ELLIS
_____/

**ORDER**

Under a judgment (Doc. 903) in 8:15-cr-320-T-23TGW Ellis is imprisoned (1) for forty years for conspiracy to commit both money laundering and mail or wire fraud, which pends on direct appeal as case number 17-14716, and (2) for a consecutive term of sixty-five years under a judgment (Doc. 129) entered in 8:16-cr-502-T-30-TBM for (a) two counts of retaliation against a witness, (b) two counts of using interstate commerce facilities in the commission of murder for hire, and (c) a count of conspiring to make, utter, or possess a counterfeit or forged security, which pends on direct appeal as case number 18-10075. Ellis is imprisoned in the Carswell Federal Medical Center in Forth Worth, Texas, where she is confined under "Special Administrative Measures" ("SAM")[1] as imposed by Attorney General William Barr.

In the present action Ellis applies under 28 U.S.C. § 2241 (Doc. 1) for the writ of habeas corpus and challenges the SAM restrictions. Rule 4, Rules Governing

---

[1] Limitations include telephone, mail, and visitation restrictions. (Doc. 192 in 16-cr-502)

Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[2] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

Ellis's similar challenges were dismissed in 16-cr-502 and Ellis was advised that she "must pursue a writ of Section 2241 in the district court with jurisdiction over Defendant's place of imprisonment." (Doc. 206 in 16-cr-502) *Rumsfeld v. Padilla*, 542 U.S. 426, 443 n.5 (2004), explains that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). *See also Diaz v. United States*, 580 F. App'x 716, 717 (11th Cir. 2014) (remanding with instructions to transfer the case to the proper district).

---

[2] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

Dismissal, rather than transfer, of this action is preferred because a similar application under Section 2241 pends in the United States District Court for the Northern District of Texas, Forth Worth Division.  (Doc. 947 in 15-cr-320)

The application under Section 2241 (Doc. 1) is **DISMISSED FOR IMPROPER VENUE**.  The clerk must close this case.

ORDERED in Tampa, Florida, on January 14, 2020.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE